1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   BRYAN J. STROTHER,

11              Petitioner,                No. CIV S-05-1097 GEB GGH P

12        vs.

13   STATE OF CALIFORNIA,

14              Respondent.            FINDINGS AND RECOMMENDATIONS

15   _____/

16              Petitioner is a state prisoner proceeding through counsel with a petition for writ of

17   habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his 2003 conviction for

18   unlawful eavesdropping in violation of Cal. Penal Code § 632(a).  Pending before the court is

19   respondent's July 18, 2005, motion to dismiss for failure to exhaust state court remedies.

20   Petitioner has requested oral argument regarding this motion. The court finds that oral argument

21   is not warranted.  After carefully reviewing the record, the court recommends that respondent's

22   motion be granted.

23   /////

24   /////

25   /////

26   /////

1

1    The exhaustion of state court remedies is a prerequisite to the granting of a

2    petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must

3    be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).  A waiver of exhaustion,

4    thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by

5    providing the highest state court with a full and fair opportunity to consider all claims before

6    presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276,  92 S. Ct. 509, 512

7    (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

8    The petition raises two claims.  The first claim clearly states a claim for jury

9    instruction error in violation of petitioner's right to due process based on the trial court's failure

10   to instruct on the necessity defense.  The second claim is described as follows:

11   Petitioner's right to due process, to raise a defense, and a fair trial were violated
     by the court's error.  By failing to instruct on the necessity defense and vacating
12   his position as a neutral and detached magistrate the trial judge violated
     petitioner's 14th Amendment due process rights under the federal constitution.
13

14   Petition, p. 19.

15   This claim appears to be based on the legal theory of judicial bias.

16   Respondent argues that only claim one is exhausted.[1]  Petitioner's petition for

17   review filed in the California Supreme Court raised one claim: the trial court's failure to instruct

18   on the necessity defense violated petitioner's right to due process.  See Petition for Review,

19   lodged July 19, 2005.  The section of the petition for review discussing petitioner's federal claim

20   did not mention judicial bias.  Id., pp. 14-16.

21   In his opposition to respondent's motion, petitioner argues that he exhausted his

22   judicial bias claim because the underlying theme of both of his claims was self-evident in his

23   petition for review, i.e., the trial court's failure to read the necessity defense instruction.

24   /////

25

26   [1] Petitioner did not file a habeas corpus petition in the California Supreme Court.

1        Because the exhaustion doctrine is founded on principles of comity, a state

2  prisoner must give the state courts a "fair opportunity to act" on each of his claims before he

3  presents those claims in a federal habeas petition.  <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 119 S.

4  Ct. 1728 (1999).  Accordingly, "[t]he state prisoner must describe in the state proceedings both

5  the operative facts and the federal legal theory on which his claim is based so that the state courts

6  have a fair opportunity to apply controlling legal principles to the facts bearing upon the

7  constitutional claim."  <u>Kelly v. Small</u>, 315 F.3d 1063, 1066 (9th Cir. 2003).

8        Because the petition for review did not identify judicial bias as a legal theory on

9  which petitioner challenged the validity of his conviction, this claim is not exhausted.  The court

10  recommends that respondent's motion to dismiss be granted and that this action be dismissed.

11  <u>Rose v. Lundy</u>, 455 U.S. 509, 518-522, 102 S. Ct. 1198 (1982) (a petition raising both exhausted

12  and unexhausted claims must be dismissed for failure to completely exhaust available state

13  remedies).

14        In his opposition to respondent's motion, petitioner states that if the court finds

15  his claim to be unexhausted, he wishes to proceed on his remaining exhausted claim.  The court

16  will recommend that respondent's motion to dismiss be granted.  While the findings and

17  recommendations are pending, petitioner may file a request to voluntarily dismiss his

18  unexhausted claim.  The court will then withdraw the findings and recommendations.  Otherwise,

19  if the district court adopts these findings and recommendations the entire action will be

20  dismissed.

21        Accordingly, IT IS HEREBY RECOMMENDED that respondent's July 18, 2005,

22  motion to dismiss be granted and this action be dismissed.

23        These findings and recommendations will be submitted to the United States

24  District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within

25  twenty days after being served with these findings and recommendations, petitioner may file

26  written objections with the court.  The document should be captioned "Objections to Findings

1   and Recommendations." Petitioner is advised that failure to file objections within the specified

2   time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153

3   (9th Cir. 1991).

4   DATED: 11/2/05

5                                                          /s/ Gregory G. Hollows

6                                                          _____
                                                           GREGORY G. HOLLOWS
                                                           UNITED STATES MAGISTRATE JUDGE
7   ggh:kj
    str1097.mtd
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26